IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KAREN DUBIN,<br><br>    Plaintiff,<br><br>v.<br><br>THE TJX COMPANIES, INC., dba "TJ MAXX" and JOHN DOE,<br><br>    Defendants. | Civil Action<br>File No.: 1:21-mi-99999 |

**PETITION FOR REMOVAL**

TO: The Honorable Judges of the United States District Court for the Northern District of Georgia, Atlanta Division:

COMES NOW, The TJX Companies, Inc., by and through its undersigned counsel, and hereby files its Petition for Removal and respectfully shows this Court the following:

1. A civil action has been filed and is now pending in the Gwinnett County State Court, Georgia, designated as Civil Action File No. 21-C-07485-SG.

2. The Summons and Complaint in that action were filed in the State Court of Gwinnett County on October 15, 2021. The TJX Companies, Inc. was served on October 19, 2021. Therefore, the petition for removal is timely filed.

3. TJX Companies, Inc. files herewith a copy of all process, pleadings, and orders including the Summons, Complaint, Affidavit of Service and Notice of Filing Notice of Removal in this action, pursuant to 28 USC § 1446. [Attached hereto as Exhibits A, B, C & E].

4. Defendant is now, was at the commencement of this suit, and at all times since been a corporation organized and existing under the laws of Delaware and having its principal place of business in Massachusetts.

5. Plaintiff is a citizen of the State of Georgia.

6. In her lawsuit, Plaintiff named "John Doe" as a resident of the State of Georgia with an unknown residence address, who, "at all time relevant to this action, was working within the course and scope of his employment at the time of the incident at issue." Plaintiff has failed to identify for whom this "John Doe" worked or whether "John Doe" was truly a resident of Georgia. Therefore, this "John Doe" is an improperly named party and may be ignored for purposes of considering whether there is complete diversity among the parties.

7. After disregarding "John Doe" when considering whether complete diversity exists, the Court is left with the Georgia citizen Plaintiff, and Delaware and Massachusetts citizen The TJX Companies, Inc. Therefore, complete diversity exists and this case is properly removed.

8.      The action described above is a civil action with a claim of which this Court has original jurisdiction, and it is one that may be removed to this Court by Defendant pursuant to the provisions of 28 USC §§ 1332 and 1441 *et seq.*, in that there is complete diversity among the parties and Defendant is not a resident of the State of Georgia, the Parties are not residents of the same State, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001) A Defendant seeking removal must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000.00 jurisdictional amount. *Standridge v. Wal-Mart Stores, Inc.*, 945 F. Supp. 252, 256 (N.D. Ga. 1996). When deciding whether the amount in controversy has been satisfied, the District Court can use its judicial experience and common sense. *Roe v. Michelin North America, Inc.*, 613 F. 3d. 1058, 1064 (11th Cir. 2010).

Plaintiff's complaint does specify that she has suffered serious bodily injuries for which she incurred medical expenses in excess of $26,800.00 but has not

specifically alleged the nature of her injuries. (Exhibit B, generally). Plaintiff does allege she is entitled to damages for her injuries, pain and suffering, costs of past and future care and treatment, lost wages and the ability to labor, and all other elements of damages allowed under Georgia law. (Exhibit B ¶ 12-15 ). Plaintiff also made a claim for bad faith and for attorney's fees and costs of litigation. (Exhibit B ¶ 17). Plaintiff did make a pre-suit demand which explained her injuries, treatment, and outlined the claimed damages. (See Exhibit B, generally).

Plaintiff's demand letter, dated September 13, 2021, sought $150,000.00 to resolve the case. (See Exhibit D, p. 6). Plaintiff claims that as a result of the incident, she suffered a right knee nondisplaced patella fracture with effusion. (Exhibit D, p. 4). Plaintiff further claims she suffers from pain, stiffness, loss of strength, and loss of range of motion to her right leg. (Exhibit D, p. 5).

Based on the demand, and Plaintiff's claims for bad faith and attorney's fees in her complaint, it is clear more than $75,000.00 is in controversy in this case.

9. Defendant attaches hereto a copy of the Summons and Complaint in the State Court of Gwinnett County, Georgia. [Exhibits A-B].

10. Defendant attaches hereto a copy of Defendant's Notice of Removal filed in the State Court of Gwinnett County, Georgia. [Exhibit E].


11. This action is currently pending in the State Court of Gwinnett County, Georgia, which is within the jurisdiction of the Northern District of Georgia, Atlanta Division. 28 U.S.C.A. § 1446(a).

12. All Defendants who have been served consent to this removal.

WHEREFORE the Defendant prays the above action now pending before the State Court of Fulton County, Georgia be removed to this Court.

This 17th day of November, 2021.

GOODMAN MCGUFFEY LLP
*Attorneys for The TJX Companies, Inc., dba "TJ Maxx"*

By:   /s/Robert A. Luskin
ROBERT A. LUSKIN
GA Bar No. 004383
rluskin@GM-LLP.com
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
(404) 264-1500 Phone
(404) 264-1737 Fax

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KAREN DUBIN,<br><br>    Plaintiff,<br><br>v.<br><br>THE TJX COMPANIES, INC., dba "TJ MAXX" and JOHN DOE,<br><br>    Defendants. | Civil Action<br>File No.: 1:21-mi-99999 |

## CERTIFICATE OF SERVICE

This is to certify that on November 17th, 2021, I electronically filed this Notice of Removal with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Steven J. Jackson, Esq.
1800 Peachtree Street, Suite 300
Atlanta, GA 30309
sjackson@jacksonlawga.com

/s/Robert A. Luskin
ROBERT A. LUSKIN
GA Bar No. 004383
rluskin@GM-LLP.com
GOODMAN MCGUFFEY LLP
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
(404) 264-1500 Phone
(404) 264-1737 Fax