Case 1:21-cv-04755-TCB   Document 1-2   Filed 11/17/21   Page 1 of 6

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-07485-S6**
**10/15/2021 4:00 PM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY
# STATE OF GEORGIA

| | |
|---|---|
| KAREN DUBIN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THE TJX COMPANIES, INC., dba )<br>"TJ MAXX" and JOHN DOE, )<br>)<br>Defendants. )<br>) | CIVIL ACTION     21-C-07485-S6<br>FILE NO. _____ |

## COMPLAINT FOR PERSONAL INJURIES

COMES NOW THE PLAINTIFF, KAREN DUBIN, and files this, her Complaint in the above styled action as follows:

1.

The Defendant, THE TJX COMPANIES, INC., doing business as "TJ MAXX", (hereinafter "TJ MAXX" is a State of Delaware corporation and is a foreign entity doing business in the State of Georgia with a registered agent for the service of process to wit: C T Corporation System, 289 Culver Street, Lawrenceville, Gwinnett County, Georgia 30046. The Defendant is subject to the jurisdiction of this Court and may be served at the above address.

2.

The Defendant, JOHN DOE, is a resident of the State of Georgia with an unknown residence address, who, at all times relevant to this action, was working within the course and scope of his employment at the time of the incident at issue. Venue and jurisdiction are proper as to this Defendant.

Copy from re:SearchGA

## COUNT I

3.

On or about October 24, 2019, Plaintiff, KAREN DUBIN, was a paying customer at the TJ Maxx store located at 1810 Cumming Highway in Canton, Georgia, and was therefore entitled to be treated as an invitee as a matter of law in the State of Georgia as contemplated by Official Code of Georgia Annotated Section 51-3-1.

4.

On or about October 24, 2019, Plaintiff, KAREN DUBIN, was walking in the store aisles of the subject TJ Maxx store and in between a pair of display racks within the subject store, when, in spite of exercising due care for her own safety, she tripped on one of the display stands, that was placed very closely to the display stand opposite of it by the agents and employees of TJ Maxx, and thus, as Plaintiff KAREN DUBIN attempted to turn around within the narrow aisle, her shoe became caught on the display stand legs, and she fell suddenly and forcefully to the hard ground, directly on both of her knees and her left shoulder, which banged into one of the two display stands as she fell to the ground.

5.

On or about October 24, 2019, Plaintiff, KAREN DUBIN, in spite of exercising due care for her own safety, tripped over the legs of the display stand, which were hidden by the display platform above, which was raised approximately just 6 – 8 inches off of the ground, and thus, the display stand legs were not visible to Plaintiff KAREN DUBIN as she walked between the display stand aisle, and the display platform, and the display stand legs underneath, presented an extremely dangerous unforeseeable hazard to Plaintiff KAREN DUBIN as she walked through the store as an invitee of Defendant TJ MAXX.

6.

On or about October 24, 2019, Defendant JOHN DOE was working within the course and scope of his employment with Defendant TJ MAXX, and was in the immediate vicinity of the display stands, which constituted a hazardous condition, and which caused Plaintiff KAREN DUBIN to fall.

7.

The display stand platforms, and display stand legs underneath, which caused the Plaintiff's fall, were located in a heavy traffic area and constituted a hazardous and unsafe condition on the premises.

8.

On or about October 24, 2019, Plaintiff, KAREN DUBIN, as a direct result of tripping upon the display stand platforms, and display stand legs underneath, that were blocked from view from Plaintiff, KAREN DUBIN fell forward awkwardly, thereby violently striking with the full force and weight of her body upon both of her knees on the hard floor surface, as well as her left shoulder violently crashing into the display stands, thereby suffering immediate and excruciating pain in both of her knees and her left shoulder as a result of falling heavily to the ground.

9.

On or about October 24, 2019, as a result of the above-described serious fall, Plaintiff KAREN DUBIN suffered multiple serious bodily injuries as a direct result of the negligence of the agents and employees of Defendant TJ MAXX.

10.

Plaintiff, KAREN DUBIN, alleges specifically that the aforementioned serious injuries were proximately caused by the negligence of the Defendant, TJ MAXX, through its agents and

employees, including Defendant JOHN DOE, including the following:

    (a)    creating a hazardous condition;

    (b)    failing to keep its premises in a safe condition;

    (c)    failing to mark, identify or otherwise warn its invitees of a known, dangerous condition in the area of and at the location of the subject incident;

    (d)    failing to provide adequate maintenance, cleaning, and upkeep of its premises for the safety of its invitees;

    (e)    failing to provide notice to Plaintiff of a dangerous condition of which Defendant had superior knowledge, in a circumstance where Plaintiff could not ascertain said dangerous condition due to the dangerous condition being obstructed from view by display stands being placed too closely together, and by display platforms being only 6 – 8 inches above the ground and obstructing the view of the display stand legs underneath, by having a lack of warning signage, by having a lack of verbal warnings, etc.;

    (f)    failing to cure a defect in the aisle walkway area; said dangerous and defective condition, caused as described above, said dangerous condition being the subject area where Plaintiff was injured;

    (g)    failing to protect Plaintiff, as an invitee, from a danger that was foreseeable to Defendants;

    (h)    any and all acts of negligence which may be shown at trial.

11.

By failing to keep the premises safe for its invitees, Defendant THE TJX COMPANIES, INC. violated O.C.G.A. § 51-3-1 which requires same. Defendant's violation of said code section

Copy from re:SearchGA

constitutes negligence per se.

12.

As a direct result of said negligence, Plaintiff, KAREN DUBIN, has suffered serious bodily injuries for which she has incurred medical expenses as of this date in excess of $26,800.00.

13.

As a direct result of said negligence, Plaintiff, KAREN DUBIN, has endured extreme discomfort and inconvenience, and, in addition, has suffered great physical pain and mental anguish.

14.

As a direct result of said negligence, Plaintiff, KAREN DUBIN, will suffer future physical pain, discomfort, inconvenience and mental anguish.

15.

As a direct result of said negligence, Plaintiff, KAREN DUBIN, has suffered a permanent injury and losses resulting from the permanent injuries to her lower extremities, and is entitled to damages for her pain and suffering and loss of capacity to labor, pursuant to O.C.G.A. § 24-14-45.

## COUNT II

16.

Plaintiff, KAREN DUBIN, realleges and incorporates herein by reference the allegations of Paragraphs One (1) through Fifteen (15) of COUNT I of this Complaint, as fully as if the same were set forth verbatim herein.

17.

Plaintiff, KAREN DUBIN, has made demand of Defendant THE TJX COMPANIES, INC. for payment of the above-stated damages, and Defendant has acted in bad faith and has been

Copy from re:SearchGA

stubbornly litigious in refusing payment of said damages, thereby entitling Plaintiff to an award of attorney's fees pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff, KAREN DUBIN, respectfully prays that:

1) Plaintiff, KAREN DUBIN, have judgment against Defendant, THE TJX COMPANIES, INC., in an amount to be determined by the enlightened conscience of a fair and impartial jury for medical expenses, past, present and future, for the extensive physical pain and mental anguish she has been and will be subjected to, and for pain and suffering and loss of capacity to labor pursuant to O.C.G.A. § 24-14-45;

2) Plaintiff, KAREN DUBIN, have judgment against Defendant, JOHN DOE, in an amount to be determined by the enlightened conscience of a fair and impartial jury for medical expenses, past, present and future, for the extensive physical pain and mental anguish she has been and will be subjected to, and for pain and suffering and loss of capacity to labor pursuant to O.C.G.A. § 24-14-45;

3) Plaintiff, KAREN DUBIN, have judgment against Defendant, Defendant THE TJX COMPANIES, INC., for all available relief pursuant to O.C.G.A. § 13-6-11;

4) Plaintiff be awarded a trial by jury;

5) Plaintiff have such other relief as the Court deems just and proper under the circumstances.

Respectfully submitted this 14th day of October, 2021.

Steven J. Jackson
Attorney for Plaintiff
Georgia Bar No. 386510

1800 Peachtree Street, Suite 300
Atlanta, Georgia 30309
(404) 350-8381

Copy from re:SearchGA